# IN THE SUPREME COURT OF IOWA

No. 22–1194

Submitted January 23, 2024—Filed March 1, 2024

**PATTY A. THORINGTON,** Individually and as Administrator of the Estate of **ROBERT RONALD MITCHELL,**

Appellee,

vs.

**SCOTT COUNTY, IOWA AND GREG HILL,**

Appellants.

---

Appeal from the Iowa District Court for Scott County, Mark R. Lawson, Judge.

A county and a deputy sheriff appeal the denial of qualified immunity on a tort claim alleging excessive force in violation of article I, § 8 of the Iowa Constitution. **AFFIRMED AND REMANDED.**

Per curiam. Waterman, J., took no part in the consideration or decision of the case.

Ian J. Russell (argued), David C. Waterman, and Jenny L. Juehring of Lane & Waterman, LLP, Davenport, and James G. Sotos, Joseph M. Polick, and Jeffrey R. Kivetz of Sotos Law Firm, P.C., Chicago, Illinois, for appellants.

David A. O'Brien (argued) of Dave O'Brien Law, Cedar Rapids; Andrew L. Mahoney of Crowley & Prill, Burlington; Nicholas J. Rowley of Trial Lawyers for Justice, Decorah; and Haytham Faraj of Law Offices of Haytham Faraj PLLC, Chicago, Illinois, for appellee.

**PER CURIAM.**

On October 23, 2018, Scott County Deputy Sheriff Greg Hill shot and killed Robert Mitchell in the course of Mitchell's attempt to flee his arrest. Patty Thorington, Mitchell's mother and the administrator of his estate, sued Scott County and Hill, alleging claims under both the common law and the Iowa Constitution. Scott County and Hill filed a motion for summary judgment on each of the claims. They argued, among other things, that they were entitled to summary judgment under Iowa's qualified immunity statute, Iowa Code § 670.4A (2022). The district court granted summary judgment in favor of Scott County and Hill on all claims except for an excessive force claim based on article I, section 8 of the Iowa Constitution and a related loss-of-consortium claim. Scott County and Hill pursued this appeal under § 670.4A(4), which makes any district court decision denying qualified immunity "immediately appealable." Iowa Code § 670.4A(4).

Section 670.4A was enacted June 17, 2021, and went into effect the same day. *See* 2021 Iowa Acts ch. 183, §§ 12, 16 (codified at Iowa Code § 670.4A (2022)). It codified a substantive qualified immunity protection that made municipal employees immune from liability for certain tort claims.

In *Nahas v. Polk County*, we addressed a similar factual scenario in which the defendants' alleged misconduct—and thus the plaintiff's right to pursue a cause of action based on that misconduct—preceded the enactment of § 670.4A. 991 N.W.2d 770, 776–77, 779–80 (Iowa 2023). In analyzing whether the statute's substantive immunity should apply retroactively, we noted that the statute itself didn't provide for retroactive application and that the legally relevant events that gave rise to the plaintiff's cause of action occurred before the statute was enacted. *Id.* at 778–79. We held that the substantive qualified immunity protections

of the statute did not extinguish the cause of action since it had accrued before the statute went into effect. *Id.* at 779.

In this case, the timing of the underlying misconduct alleged in Thorington's petition (October 23, 2018) and the enactment of the qualified immunity statute (June 17, 2021) are in all relevant respects identical to those in *Nahas*. For all the same reasons we discussed in *Nahas*, the substantive qualified immunity protections in § 670.4A do not apply to Thorington's claims in this case. As a result, the district court committed no error in rejecting Scott County and Hill's qualified immunity defense under § 670.4A in its summary judgment ruling. We thus affirm on that issue.

We note that we requested supplemental briefing from the parties pertaining to the viability of Thorington's clams under the Iowa Constitution in light of *Burnett v. Smith*, 990 N.W.2d 289 (Iowa 2023). After consideration, we do not address any such questions here. Having now affirmed the district court's order on the applicability of § 670.4A, we decline to decide (or to direct the district court how to decide) other requests for relief by the parties in this appeal that have not been presented to the district court, including the application of the holding in *Burnett*. We remand the case for further proceedings.

**AFFIRMED AND REMANDED.**

Waterman, J., takes no part.

This opinion shall not be published.